NATHAN T. VERRY *vs.* SCHOOL COMMITTEE OF THE TOWN OF WOONSOCKET.

Under Public Laws R. I. cap. 666, January 31, 1867, incorporating the town of Woonsocket, and Gen. Stat. R. I. cap. 47, § 5, the town council of Woonsocket elects the superintendent of public schools in that town. Only in case the town council fails to elect, can the school committee appoint that officer.

For general laws to modify special laws affecting particular towns, the modifying intention of the legislature must be clear.

STATUTORY proceedings under Gen. Stat. R. I. cap. 55, §§ 1, 2, as amended by Public Laws R. I. cap. 363, March 26, 1874, and cap. 622, March 30, 1877.

OPINION OF A JUSTICE OF THE SUPREME COURT.

*January* 16, 1879.  POTTER, J.  The town council of Woonsocket, June 12, 1878, elected Mr. Verry superintendent of public schools. Afterwards the school committee claimed the right to elect the superintendent, and June 24, 1878, elected Mr. White. From this vote Mr. Verry appealed, and the appeal is now laid before one of the justices of the Supreme Court for his decision, which is final under Gen. Stat. R. I. cap. 55, § 2.

On account of the importance of the question involved, the case was, by request of the justice to whom it was presented, heard before the full court and argued by counsel.

By the act incorporating Woonsocket, Pub. Laws R. I. cap. 666, January 31, 1867, it is provided that the council shall elect so many town officers as by the laws of the State are or shall be required, excepting only a few whose election had been before provided for in the act. It seems to have been the intention of the act to vest in the council, with these exceptions, all the powers of the town in regard to those matters.

The election of superintendent of schools has been at several times regulated by general law. See Revised Stat. R. I. cap. 60,

§ 5 ; Pub. Laws R. I. cap. 923, March 24, 1871. And by Gen. Stat. R. I. cap. 47, § 5, now in force, any town may elect, and if it fails, the committee shall elect one. It is compulsory that the town shall have a superintendent, but the committee are to elect if the town does not.

By Gen. Stat. R. I. cap. 31, § 8, it was enacted that " every town . . . . shall have and exercise all the powers and privileges . . . . conferred upon it by its charter or by the several acts of the General Assembly specially relating to it, until the same shall expire by their own limitation or shall be revoked or repealed."

The present case involves the question how far special laws affecting particular towns are to be deemed to be repealed or altered by general laws, without express mention.

Such cases are not without their difficulties ; but while the power of the legislature is undoubted, the intention should be plain. It is obvious that if the legislature should grant to a town a right to do some particular thing, and should afterward enact by general law that no town should do it, there would be no doubt as to the construction. See cases in Dillon Municip. Corp. § 54, 2d ed. ; Sedgwick Statut. & Constit. Law, 2d ed. 99.

In the present case, under the special act, the powers of the town as a corporation in this respect were to be exercised, not in town meeting, but in town council, and the general law merely enacts that if the town, which does not necessarily imply town meeting, fails to elect, the school committee should elect. On this view there is really no repugnance between the general and special acts.

The town here did through its council elect, and the election by the school committee was therefore illegal, and this vote must be reversed.

As there is nothing in any of the special acts to which our attention has been called prescribing the number or mode of classifying the committee, there can, of course, be no question but that these subjects must be regulated by the General Statutes of the State.

*Nathan T. Verry & Daniel B. Pond,* for appellant.
*Edwin Aldrich,* for appellee.